**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:11-cr-00070-RCJ-WGC-1 |
| vs. ) | |
| ) | |
| HUGO MORENO-SANABRIA et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

A grand jury indicted Defendant Hugo Moreno-Sanabria of one count each of conspiracy to possess a controlled substance with intent to distribute, 21 U.S.C. § 846; possession with intent to distribute a controlled substance, *id.* § 841(a)(1), (b)(1)(A)(viii); and using, carrying, or possessing a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). (Superseding Indictment, ECF No. 19). A jury found Defendant guilty of the conspiracy and possession offenses but acquitted him of the firearm offense. (Verdict, ECF No. 83). In March 2102, the Court sentenced Defendant to concurrent 151-month terms of imprisonment on each count. (*See* J. 2, ECF No. 110). Plaintiff appealed his conviction but not his sentence, and the Court of Appeals affirmed. (Mem. Op., ECF No. 124). In August 2015, the Court approved a stipulated sentence reduction to 121 months based on a retroactive amendment to the U.S. Sentencing Guidelines. (Order, ECF No. 139). Plaintiff has now asked the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He argues that the two points added to his offense level under U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon was in error because he was acquitted of the firearm offense.

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(f), (f)(3).

Defendant filed the motion on June 22, 2016, which is within one year of June 26, 2015, the date on which the Supreme Court announced the rule of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Supreme Court has made *Johnson* retroactive on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). The motion would therefore be statutorily timely if it relied on *Johnson*, *see* 28 U.S.C. § 2255(f)(3), but the motion does not in substance rely on *Johnson*. Defendant makes no vagueness argument against U.S.S.G. § 2D1.1(b)(1) but rather challenges the propriety of applying a sentencing enhancement for possessing a dangerous weapon where he was acquitted of the firearm offense. The time to bring such a challenge expired one year after his judgment of conviction became final. *See id.* § 2255(f)(1). A conviction is final in the context of habeas corpus review when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). The time for Defendant to petition the Supreme Court for certiorari expired on June 3, 2013, which was 90 days after the Court of Appeals affirmed his conviction. *See* R. Sup. Ct. 13(1). The time for Defendant to file a § 2255 motion expired one year later on June 3, 2014. Defendant filed the present motion over two years late.

Even if it were timely, the motion is without merit. An acquittal by a jury of one offense does not preclude application of a sentencing enhancement as to another offense based on the same facts as alleged in the first offense. Acquittal simply means the first offense has not been proved beyond a reasonable doubt. The enhancement can be applied as to another offense so

long as the court is convinced by a preponderance of the facts at issue in the first offense. The Supreme Court has squarely held that the application of a sentencing enhancement to an offense for which a defendant has been convicted does not offend the Fifth Amendment simply because a defendant has been acquitted of a second offense relying on the same factual allegations as the sentencing enhancement. *United States v. Watts*, 519 U.S. 148 (1997). In *Watts*, as here, the defendant had been charged with both drug possession and possession of a firearm in relation to a drug offense, and, as here, the jury had convicted him of the drug offense but acquitted him of the firearm offense. *See id.* at 149–50. As here, the district court enhanced the sentence for the drug offense under U.S.S.G. § 2D1.1(b)(1) based on possession of the weapon. *Id.* at 150. The Ninth Circuit reversed, reasoning that the jury's acquittal on the firearm offense precluded the district court from finding that the defendant had possessed the firearm for the purposes of enhancing the sentence on the drug offense. *Id.* The Supreme Court reversed, noting that an acquittal represented a failure to find the relevant facts to be true beyond a reasonable doubt, which did not preclude a finding of those facts to be true by a preponderance of the evidence. *Id.* at 157.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 141), the Motion for Appointment of Counsel (ECF No. 142), and the Motion for Leave to Proceed in Forma Pauperis (ECF No. 143) are DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated this 23rd day of August, 2016.

_____
ROBERT C. JONES
United States District Judge